**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 26 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES ANTHONY SMITH, | No. 18-16235 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02534-TLN-EFB |
| v. | |
| SISKIYOU COUNTY JAIL; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted September 18, 2019**

Before:     FARRIS, TASHIMA, and NGUYEN, Circuit Judges.

California state prisoner James Anthony Smith appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging deliberate

indifference to his serious medical needs.  We have jurisdiction under 28 U.S.C.

§ 1291.  We review de novo a dismissal under 28 U.S.C. § 1915A for failure to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1118 (9th Cir. 2012). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part, reverse in part, and remand.

Dismissal of Smith's claims against defendant Siskiyou County Jail was proper because Smith failed to allege facts sufficient to show that policies or customs of Siskiyou County caused the alleged Eighth Amendment violation. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc) (discussing requirements to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).

The district court dismissed Smith's claims against defendant Miller, a deputy sheriff who accompanied Smith to an outside hospital for medical treatment, because Smith failed to allege how much time elapsed between being seen at the outside hospital and receiving surgery, or how he was harmed by the delay. However, Smith alleged that medical staff at the outside hospital told Miller that Smith needed to be transported immediately to a trauma center for emergency surgery, and instead of transporting Smith to the trauma center, Miller returned Smith to the jail and had Smith released from custody in order to avoid carrying out the doctor's prescription for emergency surgery. These allegations, liberally construed, are "sufficient to warrant ordering [Miller] to file an answer." *Wilhelm*, 680 F.3d at 1116.

18-16235

We affirm the judgment as to the County, reverse the judgment as to Miller, and remand for further proceedings.

**AFFIRMED in part, REVERSED in part, and REMANDED.**